**SO ORDERED.**

**SIGNED this 23 day of May, 2016.**

**John T. Laney, III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| In Re:<br>**Jason Alexander Lipscomb and Sara Nicole Lipscomb,**<br>Debtors. | Chapter **13**<br><br>Case No. **14-70161-JTL** |
| **Wells Fargo Bank, N.A.,**<br>Movant,<br>V.<br>**Jason Alexander Lipscomb and Sara Nicole Lipscomb, Debtors**, and **Kristin Hurst**, Trustee,<br>Respondents. | Contested Matter |

**ORDER LIFTING STAY**

Movant's motion for relief from the automatic stay of 11 U.S.C. § 362(a) came on for hearing on May 11, 2016**.** Movant asserts that it properly served the Motion and notice of the hearing on the Respondents. No one filed a response or objection to the motion or appeared at the hearing in opposition to the motion. The Court, having considered the motion and all other matters of record, has determined that relief from the automatic stay should be granted as set forth herein.

It is, therefore, ORDERED as follows:

1. The automatic stay of 11 U.S.C. § 362 is hereby modified to permit Movant and its successors and assigns to assert and exercise all of their rights and remedies with regard to the property commonly known as 47 Ridge Road, Lakeland, GA 31635, more particularly described at Deed Book 247, Page 3, Lanier County records ("the Property"), including, but not limited to, the institution and completion of foreclosure and dispossessory proceedings in accordance with applicable law and the collection of reasonable fees from the Property to the extent permitted by applicable law.

2. This Order does not determine any issues with regard to the amount or validity of the claim of the Movant, its successors or assigns, or any rights or interests of the Movant, its successors or assigns, the Debtors, or any other entity in the Property.

3. Upon the completion of any foreclosure sale prior to the closing of this case, if the proceeds of the sale exceed the amount to which the Movant is entitled, the Movant shall file a report showing the disposition of such excess in accordance with applicable law and shall pay to the Trustee in the case any amount otherwise due to the Debtors.

4. Upon the entry of this Order Lifting Stay, the Debtor's plan is hereby modified to provide that the payment of the Movant's claim shall no longer be provided for under 1322(b)(5) and the Chapter 13 Trustee shall cease funding the same claim upon entry of the order. Accordingly, Fed. R. Bank. P. 3002.1 shall no longer apply as to Movant.

**END OF DOCUMENT**

Prepared by:
/s/ Julie D. Mehelic
Julie D. Mehelic
Georgia Bar No. 550325
Attorney for Movant
211 Perimeter Center Parkway, NE
Suite 300
Atlanta, GA 30346
jmehelic@logs.com

No Opposition
*/s/ Kristin Hurst* *with express permission*
Kristin Hurst
Bar No. 217220
For Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902-1907
(706) 327-4151